UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| YAN SU, | Case No. 2:26-cv-05104-DTB |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |
| v. | |
| TIM ROBBINS, Field Office Director, Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement, et al., | |
| Respondents. | |

**I.**

**PROCEDURAL HISTORY**

On May 12, 2026, petitioner Yan Su ("Petitioner"), through counsel, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 ("Petition") (Docket No. 1), along with two supporting exhibits (Docket No. 1-1, 1-2).

The Petition alleges the following grounds for habeas relief:  (1) "Violation of 8 U.S.C. § 1357(a)(2) – Warrantless Arrests Without Probable Cause of Flight Risk;" (2) "Violation of 8 C.F.R. § 287.8(c)(2)(ii) Standards for Warrantless

1

Arrests;" and (3) "Violation of the Due Process Clause of the Fifth Amendment." (Petition at 7-9). [1]

On May 19, 2026 (pursuant to General Order 26-05's expedited briefing schedule, see Docket No. 5), Respondents filed an Answer to the Petition ("Answer") (Docket No. 10), with three attached exhibits (Docket No. 10 at 5-13).

On May 21, 2026, Petitioner filed a Reply.

Thus, this matter is now ready for decision. For the reasons set forth below, the Court denies the Petition.

## II.

## BACKGROUND

Petitioner is a native and citizen of the People's Republic of China. (Petition, ¶30). Petitioner last entered the United States on or about December 15, 2020, pursuant to a B2 nonimmigrant visitor visa through the Los Angeles International Airport. (Id.; Docket No. 1-1 at 4).

Petitioner has resided in the United States since his entry and has maintained his primary residence in Chino Hills. (Id. ¶31). On January 4, 2021, Petitioner filed an application for asylum, which is still pending. (Id.). Petitioner is currently authorized to work in the United States and possesses a valid Employment Authorization Document issued pursuant to his pending asylum claim. (Id.).

On April 20, 2026, Petitioner was scheduled to attend an interview at the Los Angeles Asylum Office in Tustin. (Id. ¶32). On the same date, Petitioner was arrested, allegedly without a warrant. (Id. ¶33). Petitioner alleges that he was provided with a Form I-213 following his arrest which stated that Respondents had "probable cause to issue and effect an administrative arrest." (Id. ¶34; Docket No.

---

[1] For the parties' pleadings and exhibits, the Court cites to the CM/ECF pagination at the top of each page.

1-1 at 5).  However, notwithstanding Petitioner's allegations, Respondents assert that Petitioner was arrested pursuant to a valid administrative warrant, dated April 20, 2026, the date of Petitioner's arrest.  (Answer at 3; Exhibit A at 1).

Petitioner was charged with, *inter alia,* a nonimmigrant overstay in violation of Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA") (codified at 8 U.S.C. § 1227(a)(1)(B).  (Id. ¶36).  Petitioner was taken into administrative custody and transported to Santa Ana before being transferred to the Adelanto ICE Processing Center, where he remains detained.  (Id. ¶37).

Petitioner has two interconnected arrest records dating back to January 2021.  (Id. ¶38).  On  January 3, 2021, Petitioner was arrested for an alleged violation of California Penal Code § 273.5(a).  (Id.).  On the following day, January 4, 2021, a second entry was recorded for alleged violations of California Penal Code § 273.5(a) and § 236.  (Id.).  Petitioner alleges that all charges arising from these records were subsequently dismissed in the interest of justice.  (Id.).  Petitioner was later granted comprehensive arrest relief for these specific records pursuant to California Penal Code § 851.93.  (Id.).  Respondents acknowledged this legal status, stating, "Arrest relief [was] granted per 851.93 PC."  (Docket No. 1-1, Exhibit A, Form I-213, Record of Deportable/Inadmissible Alien and FBI Record).

On May 5, 2026, an Immigration Judge held a custody redetermination hearing.  (Id. ¶39).  Following the proceedings, the Immigration Judge issued a written order denying Petitioner's request for a change in custody status, stating that Petitioner failed to establish that he is not a danger to the community or a flight risk.  (Id.).

/ / /

/ / /

/ / /

### III.

### LEGAL AUTHORITY

A writ of habeas corpus is "available to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." I.N.S. v. St. Cyr, 533 U.S. 289, 301 (2001). A noncitizen in the custody of immigration authorities may bring a writ of habeas corpus pursuant to 28 U.S.C. § 2241 on the grounds of their detention violates the Constitution or other federal laws. 28 U.S.C. § 2241(c)(3); Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001) (federal courts retain jurisdiction to consider habeas relief under Section 2241 for noncitizens subject to detention following an order of removal).

### IV.

### DISCUSSION

All three of the claims raised by Petitioner are predicated on the contention that Petitioner was arrested without a valid warrant, and that Respondents lacked the requisite probable cause or flight exigency to effectuate his warrantless arrest. In Claim One, Petitioner alleges that he was arrested without a warrant, and without any probable cause or facts that he posed a risk of flight in violation of 8 U.S.C. § 1357(a)(2). (Petition at ¶¶ 42-50). In Claim Two, Petitioner similarly alleges that his warrantless arrest violated the regulations set forth in 8 C.F.R. § 287.8(c)(2)(ii),

as there was no probable cause to believe that Petitioner posed a risk of flight. (Id. at ¶¶ 51-54). Finally, in Claim Three, Petitioner alleges a violation of the Due Process Clause of the Fifth Amendment based on his warrantless arrest without probable cause of risk of flight. (Id. at ¶¶ 55-58).

The INA provides that noncitizens may be arrested pursuant to an administrative arrest warrant (see 8 U.S.C. § 1226(a)), a process which has been found to comply with the requirements of the Fourth Amendment. ("[C]onsistent with the Fourth Amendment, immigration authorities may arrest individuals for civil immigration removal purposes pursuant to an administrative arrest warrant issued by an executive official, rather than by a judge." Gonzalez v. U.S. Immigr. & Customs Enf't, 975 F.3d 788, 825 (9th Cir. 2020) (citing Abel v. United States, 362 U.S. 217, 230–34 (1960)).)

Pursuant to 8 C.F.R. § 287.8(c)(2)(i) and (ii), an administrative arrest warrant for a noncitizen requires the following:

(i) An arrest shall be made only when the designated immigration officer has reason to believe that the person to be arrested has committed an offense against the United States or is an alien illegally in the United States[; and]

(ii) A warrant of arrest shall be obtained except when the designated immigration officer has reason to believe that the person is likely to escape before a warrant can be obtained.

Here, the record appears to contradict Petitioner's claim that he was arrested without a warrant. In their Answer, Respondents assert that Petitioner's arrest was, in fact, made pursuant to an administrative warrant issued the same date as Petitioner's arrest, and attach a copy of Petitioner's administrative arrest warrant to their Answer. (See Answer at 6). As noted, the warrant is dated the same date as Petitioner's arrest – April 20, 2026. In his Reply, Petitioner concedes that a valid

warrant appears to have been administratively issued for his arrest, but argues that it was procured after Petitioner was arrested at 8:45 a.m. on the morning of April 20, 2026, in Tustin, as the warrant states that Petitioner was served with the warrant in Santa Ana following his arrest. (Reply at 3-4). Petitioner offers no further facts in support of this contention, which speculates as to the timing of the issuance of the warrant, nor does he provide any authority for his theory that such a scenario is a basis for habeas relief.

Regardless of the timing of the issuance of the warrant, there appears to be no dispute regarding the legal basis for its issuance. As Petitioner admits in the Petition, his arrest was predicated on the allegation that he had overstayed his visa and, therefore, was unlawfully present in in the United States, resulting in his charge pursuant to 8 U.S.C. § 1227(a)(1)(B). (Petition at ¶ 6). In their Answer, Respondents confirm that the basis for Petitioner's arrest was the overstay of his visa. (See Answer at 8). The allegation that Petitioner was unlawfully present in the United States provided the probable cause necessary for the issuance of the administrative arrest warrant. (See 8 C.F.R. § 287.8(c)(2)(i)). Thus, the record reflects that Petitioner was arrested pursuant to a valid administrative warrant based on the probable cause that he was unlawfully present in the United States.

Accordingly, the Court finds that Petitioner was arrested pursuant to a valid administrative arrest warrant in conformance with the law. Petitioner's claims for habeas relief on the basis that his warrantless arrest was unlawful are unfounded, and habeas relief is therefore unwarranted.

/ / /

/ / /

/ / /

/ / /

# V.

# CONCLUSION

IT THEREFORE IS ORDERED that: (1) Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: May 29, 2026

DAVID T. BRISTOW
UNITED STATES MAGISTRATE JUDGE

7